<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THERESE FLAHERTY WIEBEL, | : | |
| | : | Civil Action No. 07-3150 (SRC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MORRIS, DOWNING & SHERRED, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

<u>**CHESLER, U.S.D.J.**</u>

This matter comes before the Court on the motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendants Morris, Downing & Sherred (the "Morris firm") and David L. Johnson ("Johnson") (collectively, "Defendants"). For the reasons that follow, the Court grants the motion, dismissing the Complaint in its entirety without prejudice.

## BACKGROUND

This case originated with the filing of a complaint by Plaintiff Therese Flaherty Wiebel ("Flaherty") against Defendants, alleging conflict of interest, legal malpractice, and an intentional tort stemming from the Morris firm's representation of her former husband, Paul Wiebel ("Wiebel"). This Court's Opinion of July 14, 2008 provides a more detailed description of the background, which will not be repeated here.

## STANDARD OF REVIEW

### A.      Motion To Dismiss Under Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted).  "The pleader is required to 'set forth sufficient information to outline the elements of

his claim or to permit inferences to be drawn that these elements exist.'"  Kost v. Kozakewicz, 1

F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal

Practice & Procedure Civil 2d § 1357 at 340 (2d ed. 1990)).

      While a court will accept well-pled allegations as true for the purposes of the motion, it

will not credit bald assertions or legal conclusions.  Morse v. Lower Merion Sch. Dist., 132 F.3d

902, 906 (3d Cir. 1997).

      In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the

allegations of the complaint, as well as documents attached to or specifically referenced in the

complaint, and matters of public record.  Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259

(3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice &

Procedure: Civil 3d § 1357 (3d ed. 2007).  "Plaintiffs cannot prevent a court from looking at the

texts of the documents on which its claim is based by failing to attach or explicitly cite them."  In

re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

      The Supreme Court has characterized dismissal with prejudice as a "harsh remedy."  New

York v. Hill, 528 U.S. 110, 118 (2000).  Dismissal of a count in a complaint with prejudice is

appropriate if amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235

(3d Cir. 2004).  "When a plaintiff does not seek leave to amend a deficient complaint after a

defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend

within a set period of time, unless amendment would be inequitable or futile."  Grayson v.

Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

**ANALYSIS**

**A.    <u>Defendants' motion to dismiss</u>**

Defendants move to dismiss the Complaint, arguing that the Complaint fails to state any valid claim for relief, and giving other grounds for dismissal as well.  Because this Court finds that the Complaint does not state any valid claim for relief, it need not reach Defendants' other arguments.

In brief, the Complaint alleges the following facts.  Johnson, an attorney at the Morris firm, represented Flaherty in several legal matters, including drafting a will.  In approximately August of 2001, Flaherty asked Johnson to represent her in connection with creating a pre-nuptial agreement with Wiebel, but Johnson refused because he and the firm were representing Wiebel in that matter.  Johnson and the Morris firm did represent Wiebel in connection with that pre-nuptial agreement, which was signed on August 28, 2001.  Flaherty and Wiebel subsequently married and divorced.  During the divorce proceedings, Wiebel sought to enforce the terms of the pre-nuptial agreement.  The divorce proceedings were resolved by the terms of an agreement dated November 8, 2006.

The Complaint alleges three causes of action.  The first, captioned "conflict of interest," states the following:

> 29.    But for the conflict of interest and the improper actions of Defendant, the pre-nuptial agreement as negotiated would have been more representative of Flaherty's rights and interests and the litigation concerning the pre-nuptial agreement would have been different or unnecessary.

> 30.    By reason of the conflict of interest and violations of the Rules of Professional Conduct by Defendants, Plaintiff has been severely damaged.

The second cause of action, captioned "legal malpractice," states the following:

4

      32.     The terms contained in the pre-nuptial agreement were not representative of what Flaherty would have negotiated if she did not have an attorney-client and fiduciary relationship with Defendant Johnson and Defendant Law Firm.

The Complaint further alleges that Flaherty believed that, under the terms of the pre-nuptial agreement, in the event of divorce, she would receive a certain building free of mortgages.  As a result of the divorce litigation, she received that building encumbered by a mortgage.  There were additional terms in the pre-nuptial agreement that varied from Flaherty's beliefs about the agreement.  The Complaint alleges that these "actions and deviations from the Rules of Professional Conduct . . . constitute legal malpractice and have caused damage to the Plaintiff." (Compl. ¶ 39.)

The third cause of action, captioned "intentional tort," alleges that "the wanton disregard and gross negligence of the Defendants amounts to an intentional tort as a matter of law." (Compl. ¶ 49.)

All three causes of action are based on tort theories: wrongs by Defendants caused damage to Plaintiff.  Setting aside for the moment the validity issues concerning the wrongs alleged, Plaintiff has not pled sufficient facts to make out the elements of causation and injury. Under Twombly, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  127 S. Ct. at 1974.  The Complaint does not allege sufficient facts which, taken as true, would allow this Court to discern that Defendants' wrongs caused Plaintiff injury.  The Complaint alleges that Plaintiff is a former client of Defendants, who did not represent her when she negotiated the pre-nuptial agreement.  That agreement was the subject of litigation resolved by a second agreement.  This fails to state a plausible theory of Defendants' wrongs proximately causing injury to Plaintiff.

The Complaint offers some fragments of theories that attempt to provide the missing links, but nothing meets the Twombly plausibility requirement.  First, in the first count, the Complaint alleges that, but for Defendants' wrongs, the pre-nuptial agreement would have been more representative of Flaherty's rights and interests, and litigation over the pre-nuptial agreement would have been different and unnecessary.  The elements of proximate causation and injury are unclear here and, hence, not plausible.  Flaherty negotiated and agreed to the pre-nuptial agreement; Defendants did not represent her in that transaction.  Taking as true the allegation that the pre-nuptial agreement inadequately protected Plaintiff's interests, this Court cannot discern what Plaintiff asserts that Defendants did, or failed to do, to cause her to negotiate and agree to an inferior pre-nuptial agreement.  Causation and injury are pled too vaguely to state a valid claim for relief.[1]

The second count provides a more specific scenario, but still does not allege a plausible theory of causation of injury.  The second count states that Flaherty's understanding of a provision of the pre-nuptial agreement (whether the building to be transferred was encumbered by a mortgage) did not correspond to the actual provision.  Had Defendants represented Flaherty in connection with the agreement, there might plausibly be some kind of causation.  But, absent that, the Complaint does not plausibly allege that Defendants caused the lack of accord between Flaherty's belief about the agreement and the actual agreement.

Two other theory fragments may be noted.  First, the Complaint alleges: "As a result of their attorney-client relationship, Defendant Johnson was [] in a position to improperly prey on

---

[1] This Court need not reach the question of whether the alleged injury is sufficiently "concrete and particularized" to constitute an "injury-in-fact" under Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

the thought processes and weaknesses of Flaherty, to Wiebel's benefit and Flaherty's detriment."

(Compl. ¶ 26.)  Being in a position to do wrong – and thus to cause harm – does not constitute

doing wrong and causing harm.  The Complaint does not allege that Defendants went beyond

being in a position to prey to actually preying on Flaherty's weaknesses to her detriment.

Second, the Complaint alleges: "As a result of their ongoing relationship and the

improper legal representation of Paul Wiebel by Defendant Johnson and Defendant Law Firm,

Flaherty was manipulated to agree to certain provisions in the pre-nuptial agreement which were

contrary to her interests and rights."  The use of the passive voice here ("Flaherty was

manipulated") obscures the absence of a theory of causation.  The Complaint does not allege that

Defendants manipulated Flaherty and caused her to agree to certain provisions in the pre-nuptial

agreement.  Neither of these fragments lays out a plausible theory of Defendants causing Plaintiff

damage.

Lastly, the allegation that the divorce litigation was resolved by a second agreement

between Plaintiff and Wiebel creates a serious obstacle for any theory that Defendants

proximately caused damage to Plaintiff when she entered into that second agreement.  Plaintiff

fails to plausibly allege a basis to find Defendants liable for damage she suffered when she

settled her divorce litigation.

Because of the failure to sufficiently allege causation of damage, the Complaint fails to

state any valid claim for relief and will be dismissed without prejudice, so that Plaintiff has the

opportunity to correct the pleading deficiencies.

The problems with causation and damage are not the only pleading deficiencies, however.

Each claim has a substantial problem in the pleading of the alleged wrong that also justifies

dismissal for failure to state a valid claim.

As to the first claim, the wrong alleged does not appear to state a valid cause of action. The Complaint states: "By reason of the conflict of interest and violations of the Rules of Professional Conduct by Defendants, Plaintiff has been severely damaged." (Compl. ¶ 30.) Plaintiff here attempts to base a civil suit for damages on alleged violations of the Rules of Professional Conduct. In Baxt v. Liloia, 155 N.J. 190, 198 (1998), the New Jersey Supreme Court clearly stated that a breach of the Rules of Professional Conduct does not give rise to a cause of action. The Court explained: "The disciplinary rules serve purposes that are substantially different from those of an individual litigant in a civil action." Id. at 202. The Rules of Professional Conduct are intended to regulate attorney conduct, not to create civil liability. Id.

Furthermore, Plaintiff has not even alleged facts which suggest a violation of the Rules of Professional Conduct, or even a conflict of interest. There are, for example, no specific facts pled which point to violation of the bar against simultaneous representation, or violation of the rules about obligations to former clients, or misuse of information obtained in confidence. Plaintiff does not identify specific information that Defendants obtained from her in the course of their representation of her that was later used to her disadvantage.

As to the second claim, Plaintiff has not plausibly alleged the wrong of legal malpractice. As discussed, Plaintiff does not allege that Defendants represented her when she entered into the pre-nuptial agreement or, in fact, at any time thereafter. Nor does Plaintiff allege a basis for Defendants to have a professional duty of care to her as a non-client. While the New Jersey Supreme Court recognizes that, under very limited circumstances, an attorney may owe a duty of

8

care to a non-client, Plaintiff has not pled that Defendants made representations to Plaintiff and knew, or should have known, that Plaintiff would rely on those representations to her detriment. Petrillo v. Bachenberg, 139 N.J. 472, 483 (1995).  Nor does the Complaint plead facts which place Plaintiff and Defendants in a fiduciary relationship.

As to the third claim, Plaintiff has not pled sufficient facts to make plausible a claim that Defendants engaged in either an intentional tort or gross negligence.

The Complaint fails to state any valid claim for relief and will be dismissed without prejudice.

**CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss the Complaint, pursuant to FED. R. CIV. P. 12(b)(6), is **GRANTED**.  The Complaint is dismissed without prejudice. Plaintiff is granted leave to amend the Complaint within 45 days of the filing of this Opinion.

   /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: January 9, 2009

9