**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THERESE FLAHERTY WIEBEL, | : | |
| | : | Civil Action No. 07-3150 (SRC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MORRIS, DOWNING & SHERRED, et al., | : | |
| | : | |
| Defendants. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion to dismiss the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendants Morris, Downing & Sherred (the "Morris firm") and David L. Johnson ("Johnson") (collectively, "Defendants"). For the reasons that follow, the Court grants the motion, dismissing the Amended Complaint in its entirety with prejudice.

## BACKGROUND

This case originated with the filing of a complaint by Plaintiff Therese Flaherty Wiebel ("Flaherty") against Defendants, alleging conflict of interest, legal malpractice, and an intentional tort stemming from the Morris firm's representation of her former husband, Paul Wiebel ("Wiebel"). This Court's Opinion of July 14, 2008 provides a more detailed description of the background, which will not be repeated here. On January 12, 2009, this Court granted Defendants' first motion to dismiss the Complaint and dismissed the Complaint without prejudice; Plaintiff was granted leave to file an Amended Complaint and did so. Defendants now

move to dismiss the Amended Complaint.

## STANDARD OF REVIEW

**A.**     <u>**Motion To Dismiss Under Rule 12(b)(6)**</u>

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual

allegations as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

to relief." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (quoting <u>Pinker v.</u>

<u>Roche Holdings, Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  A Rule 12(b)(6) motion to dismiss

should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to

relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).

"The defendant bears the burden of showing that no claim has been presented." <u>Hedges v.</u>

<u>United States</u>, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" <u>Twombly</u>, 127 S. Ct. at 1964

(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  "While a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S. Ct.

at 1964-65 (internal citations omitted); <u>see</u> <u>also</u> FED. R. CIV. P. 8(a)(2).  "Factual allegations must

be enough to raise a right to relief above the speculative level on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." <u>Id.</u> at 1965 (internal citations

omitted).  "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'"  Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340 (2d ed. 1990)).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not credit bald assertions or legal conclusions.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007).  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy."  New York v. Hill, 528 U.S. 110, 118 (2000).  Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

3

**ANALYSIS**

A.      **Defendants' motion to dismiss**

The original Complaint had asserted three causes of action: 1) attorney conflict of
interest; 2) legal malpractice; and 3) intentional tort.  The Amended Complaint asserts these three
claims, as well as a fourth, for misrepresentation by a lawyer to a non-client, and a fifth, for
breach of contract.  Defendants move to dismiss the Amended Complaint, arguing that the
Amended Complaint fails to cure the deficiencies cited in this Court's Opinion of January 12,
2009.  As to the newly-asserted fourth count for misrepresentation by a lawyer to a non-client,
and the fifth count for breach of contract, Defendants argue that the Amended Complaint fails to
state any valid claim for relief.

In brief, as explained in the Opinion of January 12, 2009, this Court found that, overall,
under the Twombly pleading standards, the Complaint failed to state sufficient facts to make
plausible any tort claim.  In addition, as to the first claim, New Jersey law does not support a civil
cause of action for a violation of the Rules of Professional Conduct ("RPC"); as to the second
claim, Plaintiff did not allege that Defendants were acting as attorneys for Plaintiff in the legal
matter at issue, the drafting of the antenuptial agreement.

Defendants are correct in contending that the Amended Complaint still manifests the
pleading deficiencies previously found and identified.  As to the first claim, although Plaintiff
has increased the number of supporting factual allegations, the claim is still premised on an RPC
violation, and New Jersey law still does not support a civil cause of action for a violation of the
RPCs.  Baxt v. Liloia, 155 N.J. 190, 198 (1998).  As to the second claim, Plaintiff still does not
allege that she had engaged Defendants to represent her in the matter of the antenuptial

4

agreement, and she has no cause of action against them for legal malpractice in regard to the antenuptial agreement on an attorney-client theory. The third claim in the Amended Complaint is nearly word-for-word identical to the third claim in the original Complaint, and the claim fails again: Plaintiff has failed to plead sufficient facts to make plausible a claim for wanton negligence or intentional tort. Because this Court has given Plaintiff the opportunity to replead these three claims, and Plaintiff has failed to plead a valid claim for relief, this Court concludes that further amendment is futile and will dismiss these three claims with prejudice.

The fourth claim asserts that Defendants owed a duty of care to Plaintiff under a non-client theory. As discussed in this Court's Opinion of January 12, 2009, the New Jersey Supreme Court recognizes that, under very limited circumstances, an attorney may owe a duty of care to a non-client. Petrillo v. Bachenberg, 139 N.J. 472, 483 (1995). The Amended Complaint alleges facts which allow this Court to determine that they cannot provide the basis for finding a duty of care on a non-client theory under New Jersey law.

The parties do not dispute that the key relevant case on the issue of an attorney's duty of care to a non-client is Banco Popular N. Am. v. Gandi, 184 N.J. 161 (2005). In Banco, the New Jersey Supreme Court focused the inquiry on "the nature of the relationship between the attorney and the third party:"

> If the attorneys actions are intended to induce a specific non-clients reasonable reliance on his or her representations, then there is a relationship between the attorney and the third party. Contrariwise, if the attorney does absolutely nothing to induce reasonable reliance by a third party, there is no relationship to substitute for the privity requirement.

Id. at 180. In applying Banco to the instant case, the Court must inquire into whether Plaintiff has sufficiently alleged that Defendants acted with the intent to induce reliance by Plaintiff. In

the supplemental briefing, however, Defendants raised an important second question: has

Plaintiff alleged an actionable misrepresentation within the meaning of <u>Banco</u>?[1]

While the two inquiries appear to differ, both end up going to the issue of whether an

action with a purpose to induce has been alleged.  Starting from the perspective of determining

whether Plaintiff has alleged an actionable misrepresentation, the Amended Complaint alleges

that Defendant Johnson drafted the antenuptial agreement, which contained an incorrect factual

statement about Plaintiff's ownership interest in an asset.  (Am. Compl. ¶ 168.)  Plaintiff

contends that this constitutes an actionable misrepresentation, within the meaning of <u>Banco</u>.

Defendants object that, when an attorney drafts a document which places an agreement between

parties in writing, statements contained within the written agreement do not constitute a

representation or misrepresentation made by that attorney, within the meaning of <u>Banco</u>.

Black's defines "representation" as follows: "A presentation of fact – either by words or

by conduct – made to induce someone to act, esp. to enter into a contract; esp., the manifestation

to another that a fact, including a state of mind, exists."  BLACK'S LAW DICTIONARY (8th ed.

2004.)  As this definition suggests, representing (within the meaning of <u>Banco</u>) and inducing are

related concepts.  Representing is not merely the sending of information to another, but involves

acting with a purpose to influence that other person.  Plaintiff has alleged that Defendant Johnson

sent out information by drafting an agreement, but not that Johnson, in doing so, acted with the

---

[1] On first examination of the briefing on the motion to dismiss, this Court was struck by the salience of the undisputed but unpled fact that Plaintiff was represented by independent counsel in the matter of the antenuptial agreement, and Ordered briefing on the question of whether the Court should look to matters outside the pleadings and convert the motion to dismiss to a motion for summary judgment.  The supplemental briefing persuaded the Court that the motion to dismiss could be resolved without looking outside the pleadings.

purpose of influencing Plaintiff.  Plaintiff alleges that Johnson "knew or should have known that Plaintiff would rely on the representations of Defendant Johnson," but this does not allege any purposive action.  (Am. Compl. ¶ 168.)  At several points, Plaintiff alleges that Johnson invited Plaintiff's reliance on the particular factual misstatement in the agreement.  This is, however, only a conclusory assertion.  Plaintiff alleges no facts which make that conclusion plausible.  To the contrary, Plaintiff has alleged only that Johnson had previously represented Plaintiff, knew her socially, and drafted an agreement to which she was a party.  This does not suffice to raise the inference that Johnson invited Plaintiff's reliance, nor to raise the right to relief above a speculative level.

As Defendants contend, as a general matter, an attorney who puts into writing an agreement between two parties does not vouch for the representations either party has made to the other.  The attorney only puts into writing the representations that the parties intend to make to each other.  The act of drafting does not make the attorney responsible for the accuracy of the statements placed on paper.  To find otherwise would create an entirely new category of liability for the legal profession: it would impose on attorneys a duty of care with regard to all content in the agreements they draft, and attorneys would effectively become guarantors of every representation when they memorialize agreements.  The scope of attorney liability to third parties under Banco is much more limited, and Plaintiff has pointed to no other New Jersey case or statute which would provide for such a broad expansion of New Jersey's rules of professional liability.

The facts alleged in this case are distinguishable from those in Petrillo v. Bachenberg, 139 N.J. 472, 475 (1995), in which the New Jersey Supreme Court found that an attorney owed a

professional duty of care to a non-client.  In <u>Petrillo</u>, the plaintiff, a buyer of real estate, alleged that defendant, an attorney representing the seller, had negligently provided her with an incomplete set of percolation test reports on the property.  <u>Id.</u>  In examining the work product that the attorney had provided to the non-client plaintiff, the Court stated: "The objective purpose of documents such as opinion letters, title reports, or offering statements, and the extent to which others foreseeably may rely on them, determines the scope of a lawyer's duty in preparing such documents."  <u>Id.</u> at 485.  The Court first observed that the attorney had created a work product, the composite report, and delivered it to the plaintiff.  <u>Id.</u> at 486.  The next step required the Court "to ascertain the purpose of the report."  <u>Id.</u>  The Court inferred that "the objective purpose of the report was to induce a prospective purchaser to buy the property."  <u>Id.</u>

In the instant case, Plaintiff has alleged that Johnson created a work product and delivered it to Plaintiff, but the similarity to <u>Petrillo</u> stops there.  Plaintiff here has not alleged facts from which this Court can infer that the objective purpose of the work product was to induce Plaintiff to enter into the agreement or, for that matter, that, in drafting the agreement, Johnson directed any actions specifically toward Plaintiff or manifested any intent with regard to Plaintiff.[2]

Plaintiff has failed to allege sufficient facts to raise above the speculative level a right to relief based on Johnson's breach of a professional duty of care to Plaintiff, a non-client.  Plaintiff has failed to allege sufficient facts to support a claim that Johnson made actionable misrepresentations to Plaintiff, nor a claim that Johnson invited Plaintiff to rely on such

---

[2] Compare the instant case also to the facts in <u>Banco</u>: in that case, the Court found that misrepresentations in an attorney's opinion letter, under the circumstances of that case, were actionable.  Plaintiff in the instant case has not alleged that Johnson in any way communicated or implied to Plaintiff that the draft agreement contained his opinions.

actionable misrepresentations.  As to the fourth claim, for misrepresentation by an attorney to a non-client, Plaintiff has failed to state a valid claim for relief.  Moreover, because Plaintiff has already been granted leave to amend the Complaint and has failed to make any headway toward stating a valid claim for relief on any tort theory, this Court concludes that further amendment would be futile, and the fourth count will be dismissed with prejudice.

The fifth count of the Amended Complaint alleges, in brief, that Plaintiff entered into a contract with Defendants when she retained them for estate planning.  Plaintiff alleges that Defendants later used communications and information obtained during this representation to the advantage of Plaintiff's ex-husband, and that this constituted a breach of contract and a breach of the covenant of good faith and fair dealing implied in all contracts.  These allegations are vague and conclusory.  Plaintiff has not alleged sufficient facts to raise the right to relief for a breach of contract above the speculative level and thus the fifth count fails to state a claim under the pleading standards of Twombly.  Furthermore, this appears to be an attempt to transmute ethical obligations under the RPC (duties to maintain the confidentiality of information) – for which no civil cause of action exists in New Jersey – into an action in contract.  The fifth count will be dismissed.

The question that remains is whether amendment of the fifth count should be allowed. This Court's Opinion of January 12, 2009 discussed at some length the deficiencies of the Complaint in light of the pleading standards of Twombly.  (Opinion of January 12, 2009 at 5-7.) In particular, this Court discussed Plaintiff's failure to allege sufficient facts to allow this Court to ascertain what Defendants did to injure Plaintiff, so as to raise the right to relief above the speculative level.  (Id.)  More specifically, this Court stated: "Plaintiff does not identify specific

information that Defendants obtained from her in the course of their representation of her that was later used to her disadvantage." (Id. at 8.)  This problem could not have been stated more clearly, and Plaintiff has now added a fifth count that repeats it: Plaintiff presents a claim for breach of contract which again fails to identify the specific information that Defendants obtained from Plaintiff in the course of their representation of her that was later used to her disadvantage. This Court concludes that further amendment of the fifth count would be both inequitable and futile, and the fifth count will be dismissed with prejudice.

**CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss the Amended Complaint, pursuant to FED. R. CIV. P. 12(b)(6), is **GRANTED**.  The Amended Complaint is dismissed with prejudice.


    /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: June 2, 2009

10